```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

UNITED STATES OF AMERICA          )
ex rel. ALBERT LEE #B60072,       )
                                  )
            Petitioner,           )
                                  )
       v.                         )    No.  10 C 6342
                                  )
DAVE REDNOUR,                     )
                                  )
            Respondent.           )
```

MEMORANDUM ORDER

Albert Lee ("Lee") is serving consecutive state court sentences of 60 and 30 years that are the culmination of extensive state trial and appellate court proceedings over a span of many years, dating back to his original 1994 conviction on charges of murder and armed robbery. Lee has now filed two lengthy self-prepared documents:

1. a 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") and

2. a Motion To Stay Proceedings ("Motion") in this federal habeas action.

In addition Lee has used the form made available by this District Court's Clerk's Office to file an In Forma Pauperis Application ("Application"), coupled with a printout reflecting transactions in his trust fund account at Menard Correctional Center ("Menard," where he is serving his prison term).

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

First this Court turns to the Application, which needs only brief treatment.  Although the only deposits in Lee's trust fund account stem from his small monthly prison job earnings, he is obviously unaware that Section 2254 proceedings call for nothing more than a $5 filing fee.  Accordingly the Application is denied, and a copy of this memorandum order is being transmitted to the authorities at Menard with a direction that they remit the sum of $5 as soon as Lee's account can manage that payment, with the check being made payable to "Clerk of the U.S. District Court, Northern District of Illinois" and containing the case number of this action (10 C 6342) and mailed to:

>	219 South Dearborn Street
>	Chicago IL 60604
>	Attention:  Fiscal Department

As for the Motion, Lee's current filings reflect a great deal of familiarity with federal habeas jurisprudence, including the one-year limitation period created by Section 2244(d)(1). Indeed, in that respect he cites to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), which dealt with the Catch-22 consequences that would flow from the dismissal of habeas proceedings, pursuant to the directive in <u>Rose v. Lundy</u>, 455 U.S. 509 (1982), in the "mixed petition" situation when Section 2244(d), including its tolling provision, was in play.  But what Lee has failed to take into account fully is what he has said in the Motion in response to the anticipated argument by the Respondent Warden:

> The Respondent shall argue that none of Mr. Lee's
> claims have been exhausted, and his petition should be
> dismissed because he has not exhausted available state
> court remedies as to any of his federal claims. See
> Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546
> (1991). Mr. Lee acknowledges the point.

If as Lee appears to acknowledge <u>none</u> of his claims has been exhausted as yet, Section 2254(b)(1) calls for dismissal here and <u>Rhines</u> is not implicated at all. Moreover, the current pendency of a state post-conviction petition that he has filed tolls the limitations clock under Section 2244(d)(2).

All of that being so, a current dismissal without prejudice until he completes the exhaustion of that state court process does not disadvantage him. When that process is completed, Lee can move forward with his effort to obtain federal habeas relief without the limitations clock having run out.

As and when that happens, this Court will not expect Lee to reinvent the wheel by having to refile the Petition or his other current papers in full. Instead he will be given leave to proceed under a new case number, but to incorporate by reference all of his filings in this action, supplementing them appropriately to reflect the outcome of his now-pending state

3

post-conviction review.[2]

                                                 /s/ Milton I. Shadur
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date:  October 7, 2010

---

[2] If and to the extent that it may then appear that Lee's earlier-quoted anticipatory concession was factually mistaken, so that he _has_ been disadvantaged in terms of his ability to pursue his claims (either in terms of procedural default or in substantive terms), this Court would be prepared to consider waiving that factor and requiring Respondent to do so as well.