```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

UNITED STATES OF AMERICA        )
ex rel. ALBERT LEE #B60072,     )
                                )
             Petitioner,        )
                                )
     v.                         )      No.  10 C 6342
                                )
RICK HARRINGTON,                )
                                )
             Respondent.        )
```

MEMORANDUM ORDER

This Court's most recent memorandum order (the "Order," issued on July 3 of this year) repeated its earlier instruction to pro se 28 U.S.C. §2254[1] petitioner Albert Lee ("Lee"), given when--back in October 2010--it dismissed his Petition because he had failed to exhaust his state court remedies. In the Order Lee was again told about the procedure to follow as and when he completes his exhaustion of state court procedures:

> As and when that happens, this Court will not expect Lee to reinvent the wheel by having to refile the Petition or his other current papers in full. Instead he will be given leave to proceed under a new case number, but to incorporate by reference all of his filings in this action, supplementing them appropriately to reflect the outcome of his now-pending state post-conviction review.

Now Lee has provided another informational report that advises that the Illinois Supreme Court had, on September 25, 2013, denied leave to appeal his then-pending state post-

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

conviction effort--but Lee then goes on to advise that he is now filing a successive post-conviction petition. This Court of course expresses no view as to whether that effort conforms to the requirements of state law, but it has no objection to his request that he be allowed more time to pursue matters in the state court system.

At the same time, Lee should be aware of the one-year statute-of-limitations imposed by Section 2244(d)(1), although a later subsection of the same statute (Section 2244(d)(2)) specifies that "[t]he time during which a properly filed application for state post-conviction or other collateral review...is pending shall not be counted toward" that statute of limitations. Both of those provisions of Section 2244 are complex in nature, and it is Lee's responsibility to determine whether his entire course of conduct has kept his effort for federal habeas review from being barred by limitations.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 29, 2013